**Kurnia NATA, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States Respondent.**

**No. 03–4330.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 29, 2004.

Decided Dec. 1, 2004.

Eleanor H. Chen, Philadelphia, PA, for Petitioner.

Christopher C. Fuller, William C. Minick, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before RENDELL, ALDISERT and MAGILL,* Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Kurnia Nata[1] ("Nata"), petitioned this Court for review of the Attorney General's denial of his claims for asylum, relief from removal, and protection under the United Nations Convention Against Torture ("CAT"). Our jurisdiction arises under 8 U.S.C. § 1252(a). We will deny the petition for review.

I.

Nata is a native and citizen of Indonesia who entered the United States as a nonimmigrant visitor. After he remained in the country beyond the time permitted by his visitor visa, he was placed in removal proceedings. He conceded removability, but claimed eligibility for asylum and requested withholding of removal as well as relief under CAT because of persecution in his home country on account of his Chinese ethnicity and Christian religious beliefs.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. At a hearing before the Immigration Judge ("IJ"), Nata claimed he experienced difficulties in his home country because of his religious beliefs, but was unable to de-scribe any specific problems he personally experienced as a result of his religion. The only element in Nata's testimony relating to persecution on the basis of his religion was that many people were "anti-Christian" and that, as a result, he "was scared."

The majority of Nata's testimony related to a 1998 incident where he was accused by his former business partners of receiving goods and failing to pay for them. In spite of his earlier testimony relating to fears of religious persecution, Nata later testified that the "only reason" he was afraid to live in Indonesia was that he feared his ex-business partners. Further bolstering this conclusion, Nata also testified that, prior to an incident with his ex-business partners where they had him arrested on accusations of receiving goods and not paying for them, he had never had problems living in Indonesia.

The IJ found that Nata failed to establish his eligibility for asylum. Although Nata's testimony contained numerous internal inconsistencies and contradictions that called his credibility into question, this was not determinative in the IJ's decision. Assuming that Nata's testimony was credible, the IJ found no evidence of persecution based on one of the five statutory grounds for granting asylum. Subsequently, the IJ found no grounds for granting withholding of removal or relief under CAT.

The IJ's order denying Nata's application for asylum, withholding of removal to Indonesia, and request for relief under CAT was affirmed without opinion by the Board of Immigration Appeals ("BIA").[2] Nata then filed a petition for review with

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

1. The claims of Nata's wife, Serly Nata, are derivative of Nata's claims. *See* INA § 208(b)(3)(A), 8 U.S.C. § 1158(b)(3)(A). Serly Nata did not testify at the asylum hearing.

2. The BIA did not find, however, as the IJ did, that Nata's appeal was a "frivolous application for asylum."

this Court alleging that the IJ's assessment of his claims of past persecution and his fear of future persecution was not based on substantial evidence in the record.

## II.

Where, as here, the BIA defers to the IJ's decision and affirms without opinion, we review the IJ's decision to address substantive challenges. *Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir.2002). Whether Nata, as an applicant for asylum, has demonstrated past persecution, or a well-founded fear of future persecution, is a factual question which we review under the substantial evidence standard. *Id.* at 272. The IJ's finding that Nata is ineligible for withholding of removal and protection under CAT is similarly reviewed for substantial evidence. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We will uphold the decision of the IJ if the IJ's conclusions are supported by "reasonable, substantial and probative evidence on the record considered as a whole" and will reverse "only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did." *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir.2003) (quoting *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir.2003)).

## III.

To qualify for a grant of asylum, Nata must prove that he meets the statutory definition of a refugee, *i.e.*, that he is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for withholding of removal, Nata must show that, if deported, there is a "clear probability" that he will be persecuted on account of a specified ground, in this case ethnicity or religion, if returned to Indonesia. *See Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir.2003). This standard requires a showing that "it is more likely than not that the alien would be subject to persecution" upon return to the alien's home country. *INS v. Stevic*, 467 U.S. 407, 424, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

To obtain relief under CAT, Nata must establish " 'that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal.' " *Sevoian v. Ashcroft*, 290 F.3d 166, 174–75 (3d Cir.2002) (quoting 8 C.F.R. § 208.16(c)(2)). Unlike establishing a "reasonable fear of persecution" for asylum, "[t]he standard for relief [under CAT] has no subjective component, but instead requires the alien to establish, by objective evidence, that he is entitled to relief." *Id.* at 175 (citation and internal quotations omitted).

## IV.

Based on the evidence presented, there is nothing in the record to demonstrate past persecution on the basis of Nata's ethnicity or religious beliefs. Without such a showing of past persecution, Nata is not entitled to a presumption of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir.2003). Without this presumption, Nata must present evidence to establish a "well-founded fear of future persecution" by showing "that [ ]he has a genuine fear, and that a reasonable person in h[is] circumstances would fear persecution if returned to h[is] native country." *Gao*, 299 F.3d at 272. This subjective fear of future persecution must be "supported by objective evidence that persecution is a reasonable possibility." *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir.1997). Nata has similarly failed to present objective evidence to establish a reasonable fear of future persecution on the basis of his ethnicity or religion. Therefore, we will not disturb the IJ's

finding that Nata failed to establish his eligibility for a grant of asylum.

The standard for eligibility for withholding of removal is more exacting than that for asylum. *Zubeda*, 333 F.3d at 469–70. Having failed to establish a well-founded fear of persecution, required for a grant of asylum, Nata has, *a fortiori*, also failed to establish the clear probability of persecution required for withholding of removal. *Id.* For the same reasons, we find substantial evidence to support the IJ's determination that Nata did not qualify for relief under CAT. We also find that there was substantial evidence in the record for the IJ to conclude that Nata was not "more likely than not" to be tortured if returned to Indonesia. 8 C.F.R. § 208.16(c)(2).

### V.

For the foregoing reasons, we will DENY the petition for review of the decision of the Board of Immigration Appeals.